**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **BAKERY & CONFECTIONERY UNION & INDUSTRIAL INTERNATIONAL PENSION FUND et al.**, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| **WIDOFF'S MODERN BAKERY** | ) ) ) |
| Defendant. | ) |

Civil Case No. RWT 06-1750

## MEMORANDUM OPINION

Plaintiffs have filed a Motion for Summary Judgment seeking a judgment that would establish liability for payments, interim contributions, interest, and attorneys fees allegedly owed to it by the Defendant, Widoff's Modern Bakery ("Bakery") under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). After the Plaintiffs filed this Motion, the Boston-based Bakery filed a Motion to Transfer the Case to the United States District Court for the District of Massachusetts, which Plaintiffs opposed.

There are several factors to consider in ruling on a motion to transfer under § 1404(a), including the convenience of the parties and potential witnesses, as well as factors that influence the "interests of justice," such as systemic integrity and fairness. Moore v. Rohm & Haas Co., 446 F.3d 643, 647 (6th Cir. 2006). Case law on this issue weighs heavily in favor of the forum selected by the Plaintiff. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)("unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed"). Under this framework, the law favors the United States District Court for the District of Maryland, as this is the forum that the Plaintiffs have chosen.

Keeping this particular case in Maryland is bolstered by the special venue provisions of the ERISA statute. Pension plan plaintiffs are "given the privilege to sue employers who fail to contribute to the fund in the district where the plan is administered without regard to the location of the employers." Trustees of the Nat'l Asbestos Workers Pension Fund v. Lake Erie Insulation Co., 688 F. Supp. 1059, 1060 (D. Md. 1988); Central States, Southeast & Southwest Areas Pension Fund v. LaCasse, 254 F. Supp. 2d 1069, 1073 (C.D. Ill. 2003)("[t]he interests of justice weigh heavily against transfer . . . . To permit transfer for the convenience of defendant employers in cases against those funds would thwart Congress' intent to prevent the costs of litigation from coming out of the pensioners' pockets").

The Bakery is based in Boston, and in its Motion to Transfer Venue that it will suffer a "severe financial hardship" if it is forced to litigate in Maryland. To support this Motion, the Bakery provided the Court with two documents. The first is a letter indicating that arbitration was scheduled to commence in October 2006. The second is an affidavit from Joseph Ducas, a co-owner of the Bakery who states: (1) the Bakery employs 20 full and part-time employees, (2) Mr. Ducas works 70 to 80 hours per week, (3) the Bakery has a gross volume of "a little over $1,200,000 a year," and finally (4) "There would be no one available to cover the work [Mr. Ducas] perform[s]." Exhibit 1 to Defendant's Motion to Transfer Venue. The Bakery has not provided any additional financial information to demonstrate how litigating in Maryland will place the Bakery in financial ruin. In light of the special statutory scheme provided by Congress for ERISA cases, and the lack of supporting evidence provided by the Bakery, the Motion to Transfer will be denied by separate order.

Subsequent to the filing of these Motions, the case has been referred to arbitration. On December 28, 2006, an arbitrator issued an opinion and award effectively determining the liability issue in this case. See Exhibit A to Plaintiffs' Opposition to Defendant's Motion to Stay. On January

22, 2007, the arbitrator conducted a second hearing on the issue of damages. The Bakery's counsel has advised the Court that the arbitrator is expected to make a final determination on the award of damages on or before April 7, 2007.

On January 17, 2007, the Bakery filed a Motion to Stay Pending Arbitration, which the Plaintiffs oppose. The law generally favors allowing an alternative dispute resolution to run its course prior to involvement by the Courts. See 9 U.S.C. § 3. However, this case presents a unique situation because it is governed by the complex statutory scheme of ERISA. 29 U.S.C. §§ 1381 et seq. Given the remedies sought by Plaintiffs under the ERISA statute, the Court will, by separate order, deny the Bakery's Motion to Stay Pending Arbitration, as a blanket stay is not in accordance with the statute.

The Court is involved in the fifth week of a complex eight-week criminal trial involving allegations of multiple murders, attempted murders, carjackings, and narcotics and firearms conspiracies. In the interest of judicial economy, and in order to provide the Court with sufficient time to review the Plaintiff's Motion for Summary Judgment, the relevant provisions of the ERISA statute, and the arbitrator's December 28, 2006 opinion, this Court *sua sponte* will reschedule the hearing on Plaintiffs' Motion for Summary Judgment. Rescheduling this hearing will enable the Court to fairly, expeditiously and comprehensively dispose of the actions on the Court's calendar. U.S. v. Georgia Pac. Corp. 562 F.2d 294, 296 (4th Cir. 1977). Thus the hearing originally scheduled for February 5, 2007 will be rescheduled for March 26, 2007.

A separate order follows.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE